J-S12029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEBORAH LYNN CHURCH | : | |
| | : | |
| Appellant | : | No. 1728 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 18, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003075-2017

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                     **FILED OCTOBER 23, 2019**

Appellant, Deborah Lynn Church, appeals from the Judgment of

Sentence entered in the Lancaster County Court of Common Pleas following

her conviction of one count each of Retail Theft and Disorderly Conduct.[1] She

challenges the sufficiency of evidence supporting her convictions. With this

appeal, Appellant's counsel has filed an Application to Withdraw as Counsel

and an **Anders**[2] brief. After careful review, we affirm the Judgment of

Sentence and grant counsel's Application to Withdraw.

On June 3, 2017, security personnel at the Bon-Ton store in Park City

observed Appellant on the CCTV surveillance system and on the floor for

approximately one half-hour as she put various merchandise in her shopping

---

[1] 18 Pa.C.S. § 3929(a)(1) and 18 Pa.C.S. § 5503(a)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

cart, disappeared into the fitting room twice, and reappeared both times with the merchandise stuffed in bags and her purse. After Appellant walked out of the store with her cart without paying for the merchandise, security personnel escorted her back into the store as she loudly protested. They recovered the unpaid merchandise from Appellant's personal shopping bags; they also found unpaid merchandise and a pair of scissors in her handbag. In the fitting room, security personnel recovered the security tag that had been cut off one piece of merchandise. Officer Derek Kanuck of the Lancaster City Police Department arrested Appellant, and the Commonwealth charged her with Retail Theft and Disorderly Conduct.

On September 17, 2018, the court held a jury trial on the Retail Theft charge at which two Bon-Ton security persons, the arresting police officer, and Appellant herself testified. The court admitted a copy of the store's CCTV surveillance tape from the day of the incident. The jury found Appellant guilty of Retail Theft. The next day, following a bench trial, the court found Appellant guilty of the summary offense of Disorderly Conduct.

On September 18, 2018, the court sentenced Appellant to, *inter alia*, three years of probation. Appellant did not file a post-sentence motion.

Appellant timely filed a Notice of Appeal. Thereafter, counsel filed a Statement of Intent to File **Anders** Brief in Lieu of Statement of Errors Complained of on Appeal. **See** Pa.R.A.P. 1925(c)(4). Accordingly, the trial court did not file a Rule 1925(b) Opinion.

Appellant's counsel filed an **Anders** Brief and an Application to Withdraw as Counsel with this Court. However, following this Court's review of counsel's **Anders** brief, we concluded that counsel failed to comply with **Anders** and denied counsel's Application to Withdraw. **Commonwealth v. Church**, No. 1728 MDA 2018, unpublished memorandum (Pa. Super. filed July 9, 2019). We instructed counsel to file either a compliant **Anders** brief or an advocate's brief within 14 days, at which time we afforded the Commonwealth and Appellant 14 days to respond.

Appellant's counsel filed an **Anders** brief and an Application to Withdraw. The Commonwealth informed this Court it would not be filing a response, and Appellant has not filed a response.

As a preliminary matter, we address counsel's Application to Withdraw. "When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

(1)     provide a summary of the procedural history and facts, with citations to the record;

(2)     refer to anything in the record that counsel believes arguably supports the appeal;

(3)     set forth counsel's conclusion that the appeal is frivolous; and

> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that she sent Appellant a copy of the *Anders* Brief and Application to Withdraw, as well as a letter explaining to Appellant that she has the right to retain new counsel, proceed *pro se*, or to raise any additional points. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we now have the responsibility to "make a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted). *See also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

We first address the issue raised by counsel in the *Anders* Brief. In her *Anders* Brief, counsel indicated that Appellant wished to raise the following issue on appeal: whether the evidence was sufficient to sustain the Retail Theft and Disorderly Conduct convictions. *Anders* Br. at 6.

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). "[O]ur standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Hutchinson**, 164 A.3d 494, 497 (Pa. Super. 2017). In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." **Commonwealth v. May**, 887 A.2d 750, 753 (Pa. 2005) (citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." **Commonwealth v. Miller**, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." **Id.**

## Retail Theft

A person is guilty of Retail Theft if she "takes possession of [or] carries away . . . any merchandise displayed, held, stored or offered for sale by any store . . . with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]" 18 Pa.C.S. § 3929(a)(1).

In the instant case, the Commonwealth presented Cole Banzhof, Bon-Ton Loss Prevention Associate, who testified about monitoring the store and apprehending Appellant on June 3, 2017. Banzhof explained that on June 3, 2017, he and Alfonso Anderson, Bon-Ton Loss Prevention Manager, were monitoring the store's CCTV surveillance, and noticed Appellant pushing a shopping cart in a main aisle with newspaper and advertisements covering merchandise in her shopping cart. N.T. Trial, 9/17/18, at 58. Banzhof continued to monitor Appellant walking around the floor and placing merchandise in her cart. *Id.* at 59. Banzhof observed that Appellant went into the fitting room twice. The first time, she remained there for approximately 22 minutes, and after she exited the fitting room, Banzhof noticed personal gray plastic bags and less merchandise in her cart. *Id.* at 59-61. Appellant returned to the fitting room a second time, after she removed a high-value tote bag from the store's accessories department display. *Id.* at 61-62. Appellant left the fitting room after five minutes and then exited the store with the cart and without paying for any merchandise. *Id.* at 63-64.

Banzhof further testified that once Appellant exited the store, he assisted Anderson in apprehending her and escorting her to the store's loss prevention office. *Id.* at 64-65. He explained that once they were in the loss prevention office, he and Anderson inventoried the Bon-Ton merchandise contained in Appellant's cart, personal bags, and handbag when she left the store. *Id.* at 65-70. They recovered twelve of the store's items, including the

tote bag, fragrances, and clothing, and determined the total retail value of the twelve items was $1019. *Id.* at 70.

Following our review of the record, we conclude that the evidence presented at trial, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to establish Retail Theft. The Commonwealth presented sufficient evidence to establish that Appellant took merchandise from the Bon-Ton without paying and with the intent to deprive the Bon-Ton of those items. Thus, this sufficiency challenge does not warrant relief.

**Disorderly Conduct**

"A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [s]he . . . engages in fighting or threatening, or in violent or tumultuous behavior." 18 Pa.C.S. § 5503(a)(1). The specific intent requirement "may be met by a showing of a reckless disregard of the risk of public inconvenience, annoyance, or alarm, even if the appellant's intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm."[3]

---

[3] "Tumultuous" is not defined in Section 5503 or elsewhere in the Crimes Code, but case law defines it as "tending or disposed to cause or incite a tumult." *Commonwealth v. Love*, 896 A.2d 1276, 1285 (Pa. Super. 2006) (citation omitted). "'Tumult' is relevantly defined as 'a disorderly agitation . . . of a crowd usu[ally] with uproar and confusion of voices[.]'" *Id.* (citation omitted).

*Commonwealth v. Maerz*, 879 A.2d 1267, 1269 (Pa. Super. 2005) (citation omitted).

Banzhof testified that after he and Anderson apprehended Appellant, Appellant became argumentative, stating that she did not do anything wrong. N.T. Trial, 9/18/18, at 107. While he and Anderson escorted Appellant to the office, she protested by yelling extremely loudly and by refusing to walk in the direction of the office. *Id.* at 107-10. Banzhof stated that the walk took five to seven minutes and Appellant's protests caused a commotion, which resulted in customers gawking and being distracted from their shopping. *Id.*

Additionally, Officer Kanuck testified that as soon as he entered the store in response to the retail theft call, he could hear Appellant yelling from the loss prevention office. *Id.* at 111. Officer Kanuck noted that the office door was closed. *Id.* at 112.

Following our review of the record, we conclude that the evidence presented at trial, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to establish Disorderly Conduct. The evidence demonstrates that Appellant was yelling loudly, arguing with Bon-Ton security personnel in the Bon-Ton store, a public place, which disrupted customers. Accordingly, this sufficiency challenge does not warrant relief.

**<u>Conclusion</u>**

Additionally, our independent review of the record does not reveal any non-frivolous arguments available to Appellant. ***Santiago***, 978 A.2d at 355 n.5. Thus, we agree with counsel that this appeal is wholly frivolous. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Counsel's Application to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/23/2019</u>